```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALENA WALTERS,

                    Plaintiff,
                                              ORDER
          -against-                           17-CV-0681(JS)(AKT)

T & D TOWING CORP. a/k/a T&D TOWING
CORPORATION, a/k/a T. & D. TOWING
CORP., a/k/a T&D AUTO BODY, and
ANTHONY DOUSE II, a/k/a TONY SENIOR,

                    Defendants.
----------------------------------X
```
APPEARANCES:
For Plaintiff:      Alena Walters, pro se
                    80 Atlantic Avenue, # 53
                    Oceanside, NY 11572

For Defendant:      No appearance.

SEYBERT, District Judge:

On February 6, 2017, pro se plaintiff Alena Walters ("Plaintiff") filed an Complaint against T & D Towing Corp. a/k/a T&D Towing Corporation, a/k/a T. & D. Towing Corp., a/k/a T&D Auto Body ("T&D Towing"), and Anthony Douse II, a/k/a Tony Senior ("Douse" and together, "Defendants") alleging, inter alia, a deprivation of her due process rights in connection with the tow and retention of her motor vehicle following an accident on September 13, 2016. Plaintiff's Complaint is accompanied by an application to proceed in forma pauperis.

On March 13, 2017, Plaintiff filed an ex parte Order to Show Cause ("OSC") seeking the entry of a temporary restraining order and preliminary injunction seeking to consolidate an action commenced against Plaintiff by T&D Towing in the City of Glen Cove

Commercial Small Claims Court under Index Number CC-000001-17/GC (the "City Court case") and/or staying the City Court case pending the conclusion of the present case. (See, OSC, Docket Entry 7.) In the City Court case, T&D Towing seeks to recover damages in the sum of $1,581.04 for the tow and storage of Plaintiff's vehicle. (OSC at 34.[1])

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED and the Court ORDERS service of the Complaint by the United States Marshal Service ("USMS") without prepayment of the filing fee. Plaintiff's Order to Show Cause seeking the entry of a temporary restraining order and preliminary injunction is DENIED.

BACKGROUND

Plaintiff seeks to challenge fees she has been charged by Defendants in connection with the towing and storage of her motor vehicle, a 2002 Mercury Sable, following an accident in the City of Glen Cove (the "City") on September 13, 2016. (Compl. at

---

[1] When referring to the Order to Show Cause and its attachments, the Court will use the page numbers generated by the Electronic Case Filing System.

1-3, and Ex. A at 28-29.[2]) According to the Complaint, Plaintiff was taken by ambulance from the scene of the accident and her car was towed from the scene at the request of the City police by T&D Towing. (Compl. at 3 and Ex. D at 36-37.) Plaintiff claims that her vehicle was totaled in the accident and that it was towed a distance of 1.4 miles from the scene of the accident to T&D Towing's premises. (Compl. at 3.) Plaintiff claims that, following her discharge from the hospital later that day, she called T&D Towing and requested that the vehicle be towed to her home. (Comp. at 3.) Plaintiff alleges that she was advised to leave the car with T&D Towing because it was "in very bad shape" and would leak fluids on her driveway. (Compl. at 3.) Plaintiff also claims that she was advised by Douso that she would be charged ten dollars ($10) per day for the first (3) three days and twenty dollars ($20) per day for each day thereafter. (Compl. at 3.) Plaintiff also alleges that she went to remove personal possessions from her vehicle later that day and observed, although the car was "severely damaged and obviously totaled", the ground beneath it was not wet and that no fluids were leaking from the vehicle. (Compl. at 3.)

According to the Complaint, Plaintiff arranged to have her car junked and contacted Douso on September 23 and 27, 2016 but

---

[2] When referring to the Complaint and the attached Exhibits, the Court will use the page numbers generated by the Electronic Case Filing System.

on each occasion Douso refused to release her car. (Compl. at 4.) Plaintiff claims that Douse presented Plaintiff with a bill on September 27, 2016 in the amount of $543.13 for towing and storage charges to date. (Compl. at 4.) When Plaintiff did not pay the bill because she planned to submit it to the insurance company for payment, Douso allegedly apprised her that storage charges would continue to accrue daily. (Compl. at 5.)

On September 30, 2016, Plaintiff claims to have contacted the City police for assistance in having her car released from Defendants without success. (Compl. at 5.) On October 4, 2016, Plaintiff claims to have provided Defendants with a written request to release her car, and, to the extent that her vehicle was being held by Defendants as collateral for the unpaid bill, she offered title for the car to Defendants. Plaintiff expressly demanded release and/or transfer of title of the vehicle so as to stop the accrual of storage fees. (Compl. at 5, and Ex. E at 38-39.)

On November 1, 2016, Plaintiff claims that she learned from her insurance company that T&D Towing had received two checks from the at-fault driver's insurance policy--one on October 14, 2016 in the amount of $461.66 and the other on October 28, 2016 in the amount of $803.28. (Compl. at 6.) Plaintiff claims that she then called T&D Towing and spoke with Douso who refused to release Plaintiff's car and demanded an additional payment from Plaintiff of approximately $400.00 (Compl. at 6.) Plaintiff did not make

4

that payment.

On November 23, 2016, Plaintiff claims that she again contacted the City police who advised her that although they could not assist her with the release of her vehicle, she was entitled to retrieve her license plates from T&D Towing. (Compl. at 6.) Plaintiff claims that she went to T&D Towing to retrieve her license plates on November 25, 2016, and Douso would not release them unless Plaintiff signed a statement, which she refused to do. (Compl. at 6.) Ultimately, Douso returned one of the two license plates to Plaintiff on that date and Plaintiff was advised by an employee at T&D Towing that the other plate could not be located. (Compl. at 6.)

On December 1, 2016, Plaintiff claims that she received a "money demand letter" from T&D Towing stating that, as of November 1, 2016, Plaintiff has an open balance in the amount of $277.54 and that daily storage fees of $20/day have continued to accrue and will continue to accrue until payment is made in full and the vehicle is removed. (Compl. at 6 and Ex. F at 40-42.) The letter also advises that, unless payment is made, legal action will be taken against Plaintiff. (Compl. at 6 and Ex. F.)

On January 13, 2017, T&D Towing commenced an action against Plaintiff in the Glen Cove City Court (the "City Court"), Index No. CC-000001-17/GC, seeking to recover $1,581.04 from Plaintiff for unpaid tow and storage fees. (See OSC and Ex. A

5

at 33-34.)  A hearing has been scheduled in the City Court for April 5, 2017.  (See OSC and Ex. C at 37-38.)

Based on the foregoing, Plaintiff's Complaint alleges a variety of claims under state law and the Code of the City of Glen Cove.  Such claims include violation of the New York State Lien Law § 184, unlawful towing and storage fees, and deceptive billing practices.  Plaintiff also alleges federal claims for racketeering and the deprivation of her due process rights under the Fourteenth Amendment.  (Compl. at 14-15, 23-24.)  For relief, Plaintiff seeks (1) a declaratory judgment requiring the release of Plaintiff's car from Defendants and rendering invalid any claim for a lien by Defendants; (2) a restitution order returning $910.65 to the insurance company--the sum by which Defendants have been allegedly unjustly enriched; (3) injunctive relief enjoining Defendants from, inter alia, charging excessive fees, denying an owner's request for release of his or her vehicle after reasonable charges have already been paid, and charging additional storage fees after an owner has requested its release; and (4) actual damages in total sum of $3,253.72, and punitive damages.  (Compl. at 17-18.)

Plaintiff's ex parte Order to Show Cause seeks a temporary retraining order and/or preliminary injunction consolidating the present Complaint with the City Court action and/or staying the City Court action pending the conclusion of this case.  (See OSC at 5-6.)  Plaintiff alleges, as grounds for her

motion, that consolidation of these cases is in the interests of justice and would avoid the waste of judicial resources. Plaintiff also claims that the City Court is not "equipped to hear or hold trial for some of my [ ] claims . . ." and "is not accustomed to calculating or awarding" the type of relief she intends to seek in defenses or counter claims that have not yet even been asserted by Plaintiff. (See OSC at 8-9.) Thus, Plaintiff claims that she would suffer harm by having to litigate the City Court case prior to the final determination of the claims raised in her Complaint in this Court. (See OSC at 8-9.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such

7

a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

III. Application For a Temporary Restraining Order/Preliminary Injunction[3]

It is well-established that "interim injunctive relief is an extraordinary and drastic remedy which should not be routinely granted." Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (internal quotation marks and citation omitted). To obtain such relief, whether in the form of a temporary retraining order or a preliminary injunction, the movant "must show irreparable harm absent injunctive relief, and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor." Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 113-14 (2d Cir. 2006) (citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) (per curiam)); see also Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc., 696 F.3d 206, 215 (2d Cir. 2012); see also FED. R. CIV. P. 65.

"Such relief, however, 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Moore v.

---

[3] The Court notes that the purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until the Court has decided the merits of a motion for a preliminary injunction. Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1124-25 (2d Cir. 1989). Accordingly, the Court is concerned solely with the motion for a preliminary injunction at this time.

9

Consol. Edison Co. of N.Y., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997)). Ultimately, the decision to grant or deny this "drastic" remedy rests in the district court's sound discretion. See, e.g., Moore, 409 F.3d at 511 (A district court has "wide discretion in determining whether to grant a preliminary injunction.").

A.  Irreparable Harm

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (quoting Rodriguez v. DeBuono, 175 F.3d 227, 233-34 (2d Cir. 1999)). Accordingly, "'the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered.'" Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66-67 (2d Cir. 2007) (quoting Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005)).

To meet the irreparable harm requirement, a plaintiff "'must demonstrate that absent a preliminary injunction [she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm.'" Faiveley, 559 F.3d at 118 (quoting Grand River, 481 F.3d at 66). "'Where there is an

10

adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances.'" Faiveley, 559 F.3d at 118 (quoting Moore, 409 F.3d at 510).

Here, as Plaintiff's Complaint and Order to Show Cause make clear, Plaintiff has not--and cannot--demonstrate that she will suffer irreparable harm absent injunctive relief. Although Plaintiff claims that the City Court is ill-equipped to adjudicate the claims and defenses Plaintiff intends to pursue there, she has not filed any response to the City Court complaint nor has she even attempted to pursue any claims or defenses there. As such, her claimed harm is purely speculative. And, to the extent that Plaintiff is concerned that others may be unjustly charged for towing and storage services provided by Defendants, she, as a non-lawyer, cannot seek relief on behalf of anyone other than herself. See 28 U.S.C. § 1654; Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308-10 (2d Cir. 1991) (adopting the view that "[§ 1654] does not allow for unlicensed laymen to represent anyone else other than themselves.") (citations omitted). Because Plaintiff has not demonstrated that she will suffer irreparable harm absent injunctive relief, the Court need not consider whether there is a likelihood of success on the merits of her claims. In the absence of irreparable harm, Plaintiff's application for a preliminary injunction must be DENIED.

B. Consolidation and/or Removal

Although styled as a request for "consolidation", Plaintiff, in essence, seeks to remove the City Court complaint to this Court and, once it is removed here, consolidate it with the present action. The removal statute, 28 U.S.C. § 1441, provides that:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States shall have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Thus, in order for a case to be properly removed to the federal district court, the federal court must have jurisdiction. Generally speaking, a district court's subject matter jurisdiction is limited to the grounds set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, jurisdiction arises where a "federal question" is presented, see 28 U.S.C. § 1331, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332. Here, the complaint in the City Court does not allege a federal question because it seeks to recover the balance allegedly due for the towing and storage of Plaintiff's car, $1,581.04. Nor is this Court's subject matter jurisdiction properly invoked under Section 1331 because the amount in controversy is far less than $75,000 and

12

all of the parties are New York citizens. Thus, neither prong of Section 1332 is met. In the absence of a proper basis to invoke this Court's subject matter jurisdiction, removal, and then a later consolidation of the removed action with the instant action, is impossible.

    C.    <u>The Anti-Injunction Statute</u>

Similarly, insofar as Plaintiff seeks to stay the City Court case pending the adjudication of her Complaint here, the Anti-Injunction Act precludes such relief. Under the Anti-Injunction Act, federal courts are barred from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This provision applies when the requested injunction would either stay the ongoing state proceedings, as is the case here, or prevent the parties from enforcing an order that has already issued. <u>See</u> <u>Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs</u>, 398 U.S. 281, 294, 90 S. Ct. 1739, 1747, 26 L. Ed. 2d 234 (1970). The Anti-Injunction Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act[,]" which are to be narrowly construed. <u>Vendo Co. v. Lektro-Vend Corp.</u>, 433 U.S. 623, 630, 97 S. Ct. 2881, 53 L. Ed. 2d 1009 (1977); <u>see</u> <u>also</u> <u>Chick Kam Choo v.</u>

Exxon Corp., 486 U.S. 140, 146, 108 S. Ct. 1684, 100 L. Ed. 2d 127 (1988). Indeed, in interpreting the Anti-Injunction Act, the Supreme Court has directed that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Atl. Coast Line R.R. Co., 398 U.S. at 297, 90 S. Ct. 1748.

Here, Plaintiff seeks an injunction staying the City Court case pending the resolution of the instant action. Accordingly, the Anti-Injunction Act applies and none of the exceptions permit this Court to enjoin the City Court action. There is no act of Congress that expressly authorizes this Court to enjoin the City Court action under the circumstances presented here. Nor does the second exception, which permits a federal court to enjoin a state court proceeding "where the effect of the state court proceeding would be to defeat or impair the jurisdiction of the federal court", apply. Wyly v. Weiss, 697 F.3d 131, 137 (2d Cir. 2012). Because Plaintiff's Complaint asserts, inter alia, independent federal claims and thus invokes this Court's original jurisdiction pursuant to 28 U.S.C. 1331, this exception has no application. Finally, the third exception, which permits a federal court to enjoin a state court action "to protect or effectuate its judgments", has no application because "[t]he relitigation exception, which was designed to implement well-recognized concepts

14

of claim and issue preclusion, authorizes a federal court to enjoin state litigation of a claim or issue that previously was presented to and decided by the federal court." Wyly, 697 F.3d at 139 (internal quotation marks and citations omitted). Given that the federal action has just begun and there has been no judgment to protect, this exception has no application. Thus, insofar as Plaintiff seeks to stay the City Court case, her application is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and her application for a Temporary Restraining Order and/or Preliminary Injunction is DENIED. The Clerk shall provide Summonses, copies of the Complaint, and this Order to the USMS for service upon Defendants forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Clerk of the Court is further directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  29 , 2017
       Central Islip, New York