UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALENA WALTERS,

                Plaintiff,
                                    ORDER
    -against-                 17-CV-0681(JS)(AKT)

T & D TOWING CORP. a/k/a T&D TOWING
CORPORATION, a/k/a T. & D. TOWING
CORP., a/k/a T&D AUTO BODY, and
ANTHONY DOUSE II, a/k/a TONY SENIOR,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:       Alena Walters, pro se
                      80 Atlantic Avenue, # 53
                      Oceanside, NY 11572

For Defendants:     Michael C. Sordi, Esq.
                      P.O. Box 759
                      Northport, NY 11768

SEYBERT, District Judge:

        On February 6, 2017, pro se plaintiff Alena Walters ("Plaintiff") filed an Complaint against T & D Towing Corp. a/k/a T&D Towing Corporation, a/k/a T. & D. Towing Corp., a/k/a T&D Auto Body ("T&D Towing"), and Anthony Douse II, a/k/a Tony Senior ("Douse" and together, "Defendants") alleging a variety of federal and state law claims in connection with the tow and retention of her motor vehicle following an accident on September 13, 2016. Plaintiff's Complaint was accompanied by an application to proceed in forma pauperis.

        On March 13, 2017, Plaintiff filed an ex parte Order to Show Cause ("OSC") seeking the entry of a temporary restraining order and preliminary injunction seeking to consolidate an action

commenced against Plaintiff by T&D Towing in the City of Glen Cove Commercial Small Claims Court under Index Number CC-000001-17/GC (the "City Court case") and/or staying the City Court case pending the conclusion of the present case. (See, OSC, Docket Entry 7.) In the City Court case, T&D Towing seeks to recover damages in the sum of $1,581.04 for the tow and storage of Plaintiff's vehicle. (OSC at 34.[1])

By Order dated March 29, 2017 (the "March 29th Order"), the Court granted Plaintiff's application to proceed in forma pauperis and denied Plaintiff's Order to Show Cause seeking the entry of a temporary restraining order and preliminary injunction. On May 8, 2017, Plaintiff filed a letter motion seeking reconsideration of the denial of her request for injunctive relief.

In addition, on June 26, 2017, Plaintiff filed a letter motion (the "June 26th letter motion") requesting that, pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1, the Court: (1) certify that the constitutionality of the New York Lien Law is drawn into question by the allegations in the Complaint; and (2) serve the notice and complaint upon the New York State Attorney General. More specifically, Plaintiff requests that the Court

---

[1] When referring to the Order to Show Cause and its attachments, the Court will use the page numbers generated by the Electronic Case Filing System.

certify the two Constitutional questions as follows:[2]

1) Is there any provision at all within **any part of any New York Lien Statute** that provides any process due to an owner of a motor vehicle who is deprived of possession of that motor vehicle property by a person asserting a lien under NYS LIE § 184?

2) Doesn't the statute's endowment of detention powers lacking of a provision for process by which the owner can contest unfair possessory deprivation of motor vehicle property, lend itself to the abuse of detainment and/or facilitation of detainment for the purpose of extorting more service fees from a customer than are due?

(See Docket Entry 15 at 2.)

For the reasons that follow, the application for reconsideration of the March 29th Order is DENIED and the June 26th letter motion is GRANTED.

DISCUSSION

I. Motion for Reconsideration

Local Civil Rule 6.3 requires that "[a] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . ." Local Civil Rule 6.3. The Rule further provides that "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decision which [movant] believes the Court has overlooked." Local Civil Rule 6.3.

---

[2] These questions are reproduced here exactly as they appear in Plaintiff's submission.

Reconsideration is not a proper tool to repackage and re-litigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).

Rule 60(b) provides "extraordinary judicial relief" that may only be granted "upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); see also Medoy v. Warnaco Emps. Long Term Disability Ins. Plan, No. 97-CV-6612, 2006 WL 355137, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered by the Court.").

As a threshold matter, Plaintiff's Motion for Reconsideration was not timely filed given that Plaintiff filed it on May 8, 2017, nearly six (6) weeks after the March 29th Order.

4

In addition, Plaintiff's Motion for Reconsideration is a three-page letter and does not include a Notice of Motion and Memorandum as required by Local Civil Rule 6.3. Notwithstanding these procedural defects and in light of Plaintiff's pro se status, the Court has reviewed her letter and, upon careful consideration, adheres to its original determination.

Importantly, Plaintiff's ex parte Order to Show Cause sought a temporary retraining order and/or preliminary injunction consolidating the present Complaint with the City Court case, and/or staying the City Court action pending the conclusion of this case. (See OSC and Ex. A at 33-34.) However, according to the information maintained by the New York State Unified Court System, the City Court case was concluded against Plaintiff and in favor of T & D Towing on June 7, 2017, following a bench trial. See https://iapps.courts.state.ny.us/webcivilLocal/LCSearch (last visited on October 12, 2017). Thus, because the City Court action has now concluded, Plaintiff's request for reconsideration of the March 29th Order is moot given that Plaintiff sought consolidation of the cases and/or a stay of the City Court action pending the resolution of this case. Moreover, Plaintiff provides no controlling decisions which the Court may have overlooked. Rather, Plaintiff disagrees with the Court's application of the cases she cites as they relate to the allegations set forth in her Complaint. Even given the liberal construction afforded to pro se litigants,

the Court can discern no legal basis for granting Plaintiff's Motion for Reconsideration. Furthermore, Plaintiff does not indicate any exceptional circumstances which would warrant such relief. Accordingly, the Plaintiff's Motion for Reconsideration is DENIED.

II. The June 26th Letter Motion

Federal Rule of Civil Procedure 5.1 provides, in relevant part:

> Constitutional Challenge to a Statute --
> Notice, Certification, and Intervention
>
> (a) Notice by a Party. A Party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
> (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
>
> . . .
>
> (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
>
> (2) serve the notice and paper on the . . . state attorney general if a state statute is questioned -- either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.
>
> (b) Certification by the Court. The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.
>
> (c) Intervention; Final Decision on the Merits. Unless the court sets a later time, the attorney general may

intervene within 60 days after the notice is filed or after the court certifies the challenge, which ever is earlier.

FED. R. CIV. P. 5.1. In addition, 28 U.S.C. § 2403(b) provides, in relevant part:

> (b) In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of the State affecting the public interest is drawn into question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b).

Here, Plaintiff's June 26th Motion makes clear that she seeks to challenge the constitutionality of certain provisions of the New York State Lien Law, specifically § 184. Accordingly, in accordance with 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1, the Court CERTIFIES the Constitutional questions presented by Plaintiff in her June 26th Motion and ORDERS that the Clerk of the Court provide Notice to the New York State Attorney General in accordance with Federal Rule of Civil Procedure 5.1(a)(2).[3]

---

[3] The Court notes, however, that Plaintiff has already provided Notice to the New York State Attorney General. In response to such Notice, by letter dated August 28, 2017, the Office of the

CONCLUSION

For the reasons set forth above, Plaintiff's application for reconsideration of the March 29th Order is DENIED and her June 26th Letter Motion is GRANTED. The Court CERTIFIES the following Constitutional questions as set forth by Plaintiff:

1) Is there any provision at all within **any part of any New York Lien Statute** that provides any process due to an owner of a motor vehicle who is deprived of possession of that motor vehicle property by a person asserting a lien under NYS LIE § 184?

2) Doesn't the statute's endowment of detention powers lacking of a provision for process by which the owner can contest unfair possessory deprivation of motor vehicle property, lend itself to the abuse of detainment and/or facilitation of detainment for the purpose of extorting more service fees from a customer than are due?

The Clerk of the Court is ORDERED to provide Notice to the New York State Attorney General in accordance with Federal Rule of Civil Procedure 5.1(a)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

---

Attorney General notified the Court that, "after careful consideration and review of the documents submitted in connection with this matter, the Office of the Attorney General has determined that it will not intervene under New York Executive Law § 71 at this time." (See Docket Entry 19.)

The Clerk of the Court is further directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  12 , 2017
       Central Islip, New York