```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
ALENA WALTERS,

                Plaintiff,           MEMORANDUM & ORDER
                                     17-CV-0681(JS)(AKT)
        -against-

T&D TOWING CORP. a/k/a T&D TOWING
CORPORATION, a/k/a T.& D. TOWING
CORP., a/k/a T&D AUTO BODY, and
ANTHONY DOUSO II, a/k/a TONY SENIOR,

                Defendants.
----------------------------------x
APPEARANCES
For Plaintiff:      Alena Walters, pro se
                    80 Atlantic Avenue, #53
                    Oceanside, New York 11572

For Defendants:     Michael C. Sordi, Esq.
                    P.O. Box 759
                    Northport, New York 11768
```

SEYBERT, District Judge:

Plaintiff Alena Walters ("Plaintiff") commenced this action against T&D Towing Corp. ("T&D Towing") and Anthony Douso II ("Douso" and together, "Defendants") asserting a 42 U.S.C. § 1983 claim for deprivation of due process, a "racketeering" claim,[1] and various state law claims. (Compl., Docket Entry 1.) Currently pending before the Court are: (1) Defendants' motion to dismiss the Complaint pursuant to Federal Rule 12(b)(6), (Defs.' Mot., Docket Entry 17), and (2) Plaintiff's motion to strike,

---

[1] The Court construes Plaintiff's "racketeering" claim as a Federal RICO claim under 18 U.S.C. § 1962.

(Pl.'s Opp. and Mot. to Strike, Docket Entry 18). For the following reasons, both parties' motions are DENIED.

BACKGROUND

I. Factual Background[2]

The Court assumes familiarity with the facts of this case, which are discussed in the Court's Order dated March 29, 2017. See Walters v. T&D Towing Corp., No. 17-CV-0681, 2017 WL 1184169 (E.D.N.Y. Mar. 29, 2017).

Briefly, Plaintiff seeks to challenge fees she was charged by Defendants in connection with the towing and storage of her motor vehicle, a 2002 Mercury Sable, following an accident in the City of Glen Cove (the "City") on September 13, 2016. (Compl. at 1-3; Title, Compl. Ex. A at 28-29.) According to the Complaint, Plaintiff was taken by ambulance from the scene of the accident and her car was towed from the scene by T&D Towing at the request of the City police. (Compl. at 3; Receipt, Compl. Ex. D at 36-37.) Plaintiff's allegations stem from the charges she incurred for the towing and retention of her vehicle.

II. Procedural History

Prior to the commencement of the instant action, on January 13, 2017, T&D Towing commenced an action against Plaintiff

---

[2] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

in the Glen Cove City Court (the "City Court"), Index No. CC-000001-17/GC, seeking to recover $1,581.04 from Plaintiff in unpaid tow and storage fees. (Defs.' Br., Docket Entry 17-5, at 3; Comm. Claims Form, Sordi Decl., Ex. 1, Docket Entry 17-2.) On May 18, 2017, Plaintiff filed a counterclaim against T&D Towing seeking damages in the amount of $2,091.60. (Pl.'s Counterclaim, Sordi Decl. Ex. 2, Docket Entry 17-3.)

On February 6, 2017, Plaintiff filed the instant action. Plaintiff appears to allege that Defendants violated state and federal laws in refusing to release her car and causing storage fees to accumulate. (Compl. at 2-6.) Specifically, Plaintiff alleges that Defendant T&D Towing engaged in unlawful and deceptive billing practices and misrepresentations to obtain an invalid lien upon her car. (Compl. at 3-14.) Further, Plaintiff alleges, pursuant to 42 U.S.C. § 1983 ("Section 1983"), that Defendant T&D Towing violated her due process rights under the Fourteenth Amendment and also seeks a declaration that New York Lien Law § 184 ("Lien Law") be declared null and void for its unfair deprivations in violation of due process. (Compl. at 14-22.) Finally, Plaintiff alleges racketeering against Defendant Douso. (Compl. at 23-25.) Plaintiff seeks declaratory relief, and compensatory and punitive damages. (Compl. at 17-18, 22, 25.)

On March 13, 2017, Plaintiff filed an ex parte Order to Show Cause ("OSC") seeking a temporary restraining order and

3

preliminary injunction consolidating the City Court and present actions and/or staying the City Court case pending conclusion of the instant case. (OSC, Docket Entry 7.) On March 29, 2017, the Court denied Plaintiff's motion,[3] but granted Plaintiff's application to proceed in forma pauperis. Walters, 2017 WL 1184169. A trial in the City action was held on June 7, 2017 resulting in a judgment of $1,613.46 in favor of T&D Towing. (J., Sordi Decl. Ex. 3, Docket Entry 17-4.)

On May 8, 2017, Plaintiff filed a motion for reconsideration of the denial of her request for injunctive relief. (See Docket Entry 12.) On October 12, 2017, this Court denied Plaintiff's motion for reconsideration. (Oct. 2017 Order, Docket Entry 22.) That same day, in accordance with 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1, the Court granted Plaintiff's February 22, 2017 and June 26, 2017 motions to certify the constitutional questions presented by Plaintiff concerning the Lien Law, and ordered service of the Notice and Complaint upon the New York State Attorney General. (Oct. 2017 Order at 8.) On

---

[3] The Court's Order notes that "[a]lthough styled as a request for 'consolidation', Plaintiff, in essence, seeks to remove the City Court complaint to this Court and, once it is removed here, consolidate it with the present action." Walters, 2017 WL 1184169, at *12. Further, this Court denied the requested relief to stay the City Court case pending adjudication of the instant case pursuant to the Anti-Injunction Act. Id. at 13-14.

4

August 29, 2017, the Office of the Attorney General filed a notice of nonintervention. (Docket Entry 19.)

On July 19, 2017, Defendants filed a motion to dismiss the instant Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Defs.' Mot.) On August 21, 2017, Plaintiff opposed the motion and moved to strike certain statements and phrases in Defendants' memorandum of law. (See Pl.'s Opp. and Mot. to Strike.) Defendants did not file a reply.

DISCUSSION

I. Motion to Strike

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Although "Rule 12(f) motion[s are] left to the district court's discretion," EEOC v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 170 (E.D.N.Y.2004), they are generally "disfavored and granted only if there is a strong reason to do so," Spiteri v. Russo, No. 12-CV-2780, 2013 WL 4806960, at *64 n. 62 (E.D.N.Y. Sept. 7, 2013) (internal quotation marks and citation omitted).

Here, Plaintiff requests that the Court strike statements and phrases from Defendants' motion to dismiss because they "paint the [P]laintiff in a negative light via smears and baseless personal attacks." (Pl.'s Opp. and Mot. to Strike at 5.)

5

For example, Plaintiff moves to strike "the defamatory, and demeaning phrase, 'like a Petulant Child'". (Pl.'s Opp. and Mot. to Strike at 5.) Plaintiff also seeks to strike statements that allegedly "misrepresent [P]laintiff's thoughts, beliefs and emotions," such as that: "'she does not think she should have to pay the Defendant for the services that were rendered on her behalf in the towing and storage of her motor vehicle following an accident'", " . . . she refuses to believe . . . " and "adamantly". (Pl.'s Opp. and Mot. to Strike at 5.) Plaintiff contends that Defendants' counsel is not privy to Plaintiff's beliefs or emotions, and that such phrases are defamatory and/or cause prejudice. (Pl's Opp. and Mot. to Strike at 5.)

The Court, in its discretion, declines to strike the requested phrases and statements from Defendants' motion to dismiss. While the Court understands that Plaintiff may have been offended by these statements, they are immaterial to the resolution of the pending motion, and the Court has not relied on them. Therefore, Plaintiff has not suffered any prejudice. Accordingly, Plaintiff's motion to strike is DENIED.

II. Motion to Dismiss

Rule 12(b)(6) provides that dismissal is appropriate if the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief

6

that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the Court must accept all allegations in the Complaint as true, this tenet is "inapplicable to legal conclusions." Id. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Ultimately, the Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679, 129 S. Ct. at 1950.

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). See also Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015) (noting that the dismissal of a pro se complaint pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal quotation marks and

citation omitted). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Hiller, 2015 WL 4619624, at *7.

In deciding a motion to dismiss, the Court is generally confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, the Court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citation omitted); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (observing that a document is "integral" if the complaint "relies heavily upon its terms and effect") (internal quotation marks and citation omitted).

   A.   Res Judicata

Defendants argue that Plaintiff's claims are barred by res judicata. (Defs.' Br. at 3-6.) In support of its motion, Defendants submit the Commercial Claims Complaint Form filed by Defendants in the City Court action, the Notice of Counterclaim filed by Plaintiff in that action, and the Commercial Claims Judgment issued by the City Court. (See Sordi Decl., Ex. 1-3.)

The Court takes judicial notice of these court records for purposes of Defendants' motion to dismiss. See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991) (in deciding a motion to dismiss, the court may consider any matter of which judicial notice may be taken); Vaughn v. Consumer Home Mortg. Co., 470 F.Supp.2d 248, 256 n.8 (E.D.N.Y. 2007) ("[C]ourts may take judicial notice of court records.").

Res judicata, also called claim preclusion, is a doctrine that aims to prevent the relitigation of claims that were or could have been raised in a previous action. See Weitz v. Wagner, No. CV-07-1106, 2008 WL 5605669 at * 3 (E.D.N.Y. July 24, 2008) (citing Farbstein v. Hicksville Pub. Library, 323 F. Supp. 2d 414, 422 (E.D.N.Y. 2004)). "To prove [that a claim is barred by the doctrine of res judicata] . . . a party must show that: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[ ] or those in privity with [him]; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted). State court judgments have the same preclusive effect in federal court as they would in the state where the judgment was rendered. Weitz, 2008 WL 5605669 at * 3 (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-81, 104 S. Ct. 892, 895-96, 79 L. Ed. 2d 56 (1984) (invoking the Full

9

Faith and Credit Clause as the basis for giving such effect)). To determine the preclusive effect of a New York State court judgment, the court applies New York law. See Migra, 465 U.S. at 81, 104 S. Ct. at 896, 79 L. Ed. 2d 56. Res judicata extends to judgments rendered in small claims court. See Farbstein, 323 F. Supp. 2d at 423.

"To determine if a claim should have been raised in the previous action, courts look to whether it arises out of the same transaction or series of transactions as the previous claim." Weitz, 2008 WL 5605669, at *3 (citing Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001)). "A claim should have been raised in the prior action where the underlying facts of the claims are 'related in time, space, origin, or motivation, . . . form a convenient trial unit, [or] their treatment as a unit conforms to the parties' expectations of business understandings or usage.'" Id. (alterations in original) (quoting Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997) (though defendant's small claims action and plaintiff's Fair Credit Reporting Act claim shared a connection with respect to the parties involved and their relationship, they were separate enough in time, origin, and motivation that they need not have been raised below.) Moreover, "[e]ven where a second action arises from some of the same factual circumstances that gave rise to a prior action, res judicata is inapplicable if formal jurisdictional or statutory barriers

precluded the plaintiff from asserting its claims in the first action.'" Weitz, 2008 WL 5605669, at *3, 4 (internal citation omitted) ("[T]his case arises under federal law--the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.--and is therefore exclusively within the jurisdiction of the federal courts. See 28 U.S.C. § 1331. Plaintiff could not have raised this claim in the small claims court action as that court does not have jurisdiction to afford the relief requested.").

Under New York law, as interpreted by the Second Circuit, res judicata bars a subsequent suit to "where the initial forum had the power to award the full measure of relief sought in the later litigation." Antonsen v. Ward, 943 F.2d 198, 201 (2d Cir. 1991). That is, claim preclusion does not apply

> "where the plaintiff 'was unable to . . . seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain . . . multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action . . . to seek that remedy or form of relief.'"

Latino Officers Ass'n v. City of N.Y., 253 F. Supp. 2d 771, 781 (S.D.N.Y. 2003) (quoting Parker v. Blauvelt Volunteer Fire Co., Inc., 93 N.Y.2d 343, 349, 712 N.E.2d 647, 650, 690 N.Y.S.2d 478 (N.Y. 1999)). See Leather v. Eyck, 180 F.3d 420, 425 (2d Cir. 1999) (res judicata did not bar Section 1983 action for damages where plaintiff could not have sought damages for his alleged

constitutional injuries while defending himself in prior state court action); Parker, 93 N.Y.2d at 347, 712 N.E.2d at 649, 690 N.Y.S.2d 478 (holding that a Section 1983 claim was not prohibited by claim preclusion because the plaintiff could not have sought damages in his prior Article 78 proceeding arising out of the same facts).

"'[A] claim brought to and decided in small claims court will be given res judicata effect where the party who was adversely effected by the prior judgment seeks to relitigate the exact same claim in subsequent proceedings.'" Farbstein v. Hicksville Pub. Library, 323 F. Supp. 2d 414, 423 (E.D.N.Y. 2004) (quoting Chrzanowski v. Lichtman, 884 F. Supp. 751, 757 (W.D.N.Y. 1995) (declining to apply res judicata where federal complaint did not seek to litigate "the exact same claim" as small claims action)).

Furthermore, New York's Uniform City Court Act ("UCCA") § 1808 provides that a judgment obtained in small claims court "shall not be deemed an adjudication of any fact at issue or found therein in any other action or court; except that a subsequent judgment obtained in another action or court involving the same facts, issues and parties shall be reduced by the amount of a judgment awarded under this article." N.Y. U.C.C.A. § 1808 (McKinney 2005); see Cornett v. Bank of N.Y., No. 91-CV-0605, 1992 WL 88197, * 4 (S.D.N.Y. April 17, 1992) ("[a]lthough a small claims plaintiff will not be allowed to bring the same action against the

12

defendant a second time in another court, that defendant is not barred from bringing a subsequent suit against the small claims plaintiff."); Mass. Cas. Ins. Co. v. Renstrom, 831 F. Supp. 1088, 1089 (S.D.N.Y. 1993) (finding small claims court case over disability insurance proceeds did not interfere with jurisdiction in a federal declaratory judgment action over those proceeds). But see DuPaul v. Jackson, 8 F. Supp. 2d 237, 242 (W.D.N.Y. 1998) (noting that New York appellate courts have interpreted § 1808 to apply to issue preclusion rather than claim preclusion in subsequent actions).

   B.   Application

Defendants argue that "[e]ach of [Plaintiff's] [c]auses of [a]ction, at best, involves claims related to issues of state law only, issues that were properly litigated and decided in the City Court." (Defs.' Br. at 4-5.) The Court disagrees. Though the Court is unaware of the specific claims at issue in the small claims action,[4] the Court does know that both the claim and counterclaim sought solely monetary relief. (See Sordi Decl., Ex. 1-2.) While the claims presently before the Court are related to the tow and storage charges that were at issue in the small claims action, Plaintiff is not seeking to relitigate "the exact same

---

[4] The Court is without the benefit of a record of the small claims hearing as Defendants never presented a record to this Court, but merely a copy of the Complaint Form and Counterclaim. (Sordi Decl. Ex. 1, 2.)

13

claim." See Farbstein, 323 F. Supp. 2d at 423. Rather, the instant Complaint alleges a variety of state law and federal claims, including a due process claim pursuant to Section 1983,[5] and a constitutional challenge to the Lien Law--a claim Plaintiff could not have raised in the City Court action.[6] (Compl. at 14-22.) Thus, in accordance with UCCA § 1808, and because the small claims court could not afford the relief now requested, this Court will not preclude Plaintiff's claims.

This outcome is entirely consistent with this Court's denial of Plaintiff's motion for injunctive relief. In its March 29, 2017 Order, this Court denied Plaintiff's motion to consolidate and/or stay the small claims proceedings noting that Plaintiff's Complaint asserted "independent federal claims and thus invoke[d] this Court's original jurisdiction pursuant to 28

---

[5] The Court declines to address whether Defendants are state actors for purposes of Section 1983 based on one passing reference to the state actor doctrine by Defendants. (See Defs.' Br. at 4 ("Plaintiff baldly claims, without any support, that the Defendants are 'state actors'" for purposes of a Section 1983 claim.")) However, the Court notes that there is authority finding that a tow truck operator is a state actor for purposes of a Section 1983 claim. See Stypmann v. City and Cty. of San Francisco, 557 F.2d 1338, 1341-42 (9th Cir. 1977) (finding state action for purposes of Section 1983 claim where towing company towed illegally parked cars at request of police department); Tedeschi v. Blackwood, 410 F. Supp. 34, 41-42 (D. Conn. 1976) ("[T]he towing of an abandoned, unregistered, or dangerously parked motor vehicle . . . by either the police or a private garage constitutes 'state action'" for purposes of a Section 1983 claim.).

[6] Small claims actions are limited to monetary damages. § 1801.

14

U.S.C. § 1331 . . . ." Therefore, the Court finds that Plaintiff's Complaint is not barred by res judicata. Accordingly, Defendants' motion to dismiss the Complaint is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike (Docket Entry 18) is DENIED and Defendants' motion to dismiss (Docket Entry 17) is DENIED. The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March   28  , 2018
       Central Islip, New York