**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
ALENA WALTERS,

                                       Plaintiff,

              -against-                                 **ORDER**
                                                       **ON MOTION**
                                                       CV 17-0681 (AKT)

T&D TOWING CORP a/k/a T&D TOWING
CORPORATION a/k/a T&D AUTO BODY and
ANTHONY DUOSO, II a/k/a TONY SENIOR,

                                       Defendants.
---------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Presently before the Court is the *Pro Se* Plaintiff Walter's letter motion seeking leave to conduct depositions in excess of the presumptive limit set forth in Rule 30(a)(2)(A). *See* DE 67. It appears that Plaintiff is seeking to conduct 16 depositions and she maintains that the testimony sought is neither cumulative nor duplicative, and is relevant to the claims and/or defenses raised in this action. *Id*. In their opposition, Defendants assert that Plaintiff's motion should be denied outright for failing to comply with this Court's August 14, 2019 Order. *See* DE 70. Defendants also claim that the information sought from the depositions is "irrelevant and immaterial to the claims and/or defenses presented in this action, and in many instances would constitute cumulative or duplicative information." *See* DE 70. Defendants have not supported their assertion with any facts or caselaw relevant to the instant motion.

      Previously, the Court conducted a working session with the parties to review Plaintiff's proposed questions in lieu of depositions. *See* August 14, 2020 Civil Conference Minute Order ("CCMO") [DE 59]. At the working session, the Court advised that if either party sought to take

more than ten depositions, that party would be required to file a letter motion seeking permission to do so.  Further, any such motion had to "identify the witness by name and position/title, what information the individual witness has which is material to the claims and/or defenses raised in this case, and why the individual witness' testimony/responses would not be cumulative or duplicative of that provided by other witnesses." *Id*. at 2.  The Court further instructed that "[e]ach witness would have to be discussed individually." *Id*.  Although Plaintiff's motion is somewhat convoluted, the Court finds that she has made a good faith effort to comply with these directives.  Accordingly, the Court will address the merits of the motion.

The Federal Rules of Civil Procedure presumptively limit to ten the number of depositions that each side may conduct.  *See* Fed. R. Civ. P. 30(a)(2)(A) ("A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if ... a proposed deposition would result in more than ten depositions being taken ...."); *Raba v. Suozzi*, CV 06-1109, 2006 WL 8435603, at *1 (E.D.N.Y. Nov. 17, 2006) ("Absent an agreement among the parties, a party must obtain leave of the court before taking any additional depositions beyond the limit of ten."); *Universal City Studios v. Reimerdes,* 104 F. Supp. 2d 334, 342 (S.D.N.Y.2000).  The purpose of Rule 30(a)(2)(A) is to "enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery.'" *Sigala v. Spikouris,* 00-CV-0983, 2002 WL 721078 at *3 (E.D.N.Y. Mar. 7, 2002) (quoting *Whittingham v. Amherst Coll.,* 163 F.R.D. 170, 171-72 (D.Mass. 1995)).  Accordingly, "[t]he mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." *Id*. (citation omitted); *see also Commodity Futures Trading Com'n v. Commodity Inv. Group, Inc.,* 05-CV-5741, 2005 WL 3030816 at *1 (S.D.N.Y. Nov. 10, 2005) ("Although a witness might have discoverable information, a party is

2

not always entitled to depose that individual."). Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure sets forth the factors the Court should consider when a party seeks to exceed the ten deposition limit imposed by Rule 30(a)(2)(A)(i) and include whether (1) "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less extensive," (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," and (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *See*, *e.g.*, *Snoussi v. Bivona,* No. 05-CV-3133, 2011 WL 6761068, at *1 (E.D.N.Y. Dec. 22, 2011); *Atkinson v. Goord*, No. 01-CV-0761, 2009 WL 890682, at *1 (S.D.N.Y. Apr. 2, 2009); *Gross v. Bare Escentuals, Inc.,* 03-CV-3089, 2006 WL 3161386 at *1 (S.D.N.Y. Oct. 30, 2006).

Plaintiff has included a list of witnesses from whom she seeks testimony, along with the information the witness may possess which is relevant to her claims. This list sets forth five categories of witnesses who comprise the 16 proposed deponents, including victims, police, the employees of the Defendants and others. The Court will address each category in turn.

### A. Victims

Plaintiff seeks to depose four individuals, namely, Steven Talerman, Ara O. Ohanian, Elise Paquin or Karin Paqui, and Kevin Paquin, who are allegedly "victims" of the same or similar "scheme" to which Defendants subjected Plaintiff and which forms the basis of her civil RICO claim. Plaintiff also seeks to depose two entities -- Verizon and U.S. Auto Parts Network, Inc. -- and one individual, Rudolph Meola, none of whom are "victims," but whom Plaintiff

3

claims may know the identity of additional "victims." If additional "victims" are identified, Plaintiff advises that she seeks to depose them as well.

Plaintiff appears to argue that these depositions would not be cumulative or duplicative because the "victims" may have experienced the Defendants' scheme differently or experienced a different aspect of the scheme. The Court has already emphasized to Plaintiff on several occasions that this is not a class action and that there is a distinction between a class action and a civil RICO claim so far as the scope of discovery is concerned. If, as Plaintiff argues, she seeks to demonstrate a "pattern and practice" of racketeering, then the "victims" must have experienced the same or a substantially similar scheme which forms the basis of her RICO claim. To establish a "pattern" of racketeering activity, a plaintiff must show "at least two predicate acts, [and] show that the predicate acts are related, and that they amount to, or pose a threat of, continuing criminal activity." *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997) (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)). "Predicate acts are 'related' for RICO purposes when they 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" *Id*. (quoting *H.J. Inc.*, 492 U.S. at 240, 109 S.Ct. 2893); *see also 4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 535 (S.D.N.Y. 2014). If the predicate acts involving each of the "victims" are related, it is unclear why deposing more than four "victims" would not be cumulative or duplicative. To the extent Plaintiff claims she is concerned that the four "victims" identified may not be found, may be unresponsive, or may have what Plaintiff refers to as "faded memory," then Plaintiff may seek relief from the Court once those depositions are completed and Plaintiff provides the Court with the transcripts of the examinations to support any argument that she is

4

entitled to further depositions. For now, Plaintiff's concerns are speculative at best and do not warrant granting additional depositions of "victims" at this time. Accordingly, Plaintiff is free to depose the four "victims" identified but may not exceed the presumptive limit of ten at this time.

### B. Police

Plaintiff seeks to depose Police Officer Martone and the City of Glen Cove Police Department. Plaintiff claims that Officer Martone has firsthand knowledge regarding the events which form the basis of this action. It appears that Plaintiff does not seek to depose a representative from the City of Glen Cove Police Department regarding the claims and/or defenses in this action, but merely seeks to confirm whether the entity has documents that may be relevant to the claims and/or defenses in the action. However, a deposition is not necessary to achieve this purpose. To the extent that Plaintiff believes that the City of Glen Cove Police Department may have relevant documents, she may prepare, with the assistance of the Pro Se Office, an appropriately limited subpoena for the Court's review, approval and "so ordering." Therefore, Plaintiff is permitted to depose Officer Martone; however, she has not demonstrated a need to depose the City of Glen Cove Police Department.

### C. Defendants' Employees

Plaintiff seeks to depose three of Defendant T&D Towing, Corp.'s employees, including Anthony Douso, II, Anthony Douso, III, and Nicole Douso. Plaintiff essentially seeks information regarding various aspects of T&D Towing's business practices and business records. Plaintiff has not articulated any basis for the need to depose all three individuals in order to obtain the information she seeks. In light of the fact that Anthony Douso II, the owner and operator of T&D Towing, is a named defendant in this action, Plaintiff has the right to take his deposition. As the owner of the business, Anthony Douso, II would likely be in a position to

5

provide testimony concerning T & D Towing's business records and practices. To the extent Plaintiff has a good faith basis for believing that Anthony Douso, III and/or Nicole Douso have information that is material to Plaintiff's claims in the case, Plaintiff may proceed with their depositions, so long as those depositions do not exceed the presumptive limit of ten at this time.

### D. Others

Plaintiff seeks to depose five individuals and entities under the category of "other" and that category is further separated into two subcategories related to the Plaintiff's damages and claims and/or Defendants' defenses generally. Plaintiff identifies Osmon Maldonado and Insurance Auto Auctions as individuals and entities which may corroborate the damages she allegedly sustained (1) in the amount of $200.88 for car tires [DE 29 at 21] and (2) in the amount of $2,100 for the "deprivation of Freedom of Movement that the deprivation of property caused" [DE 29 at 22]. However, it is unclear why these damages cannot be corroborated by another source that is more convenient, less burdensome, and less extensive, such as receipts or other documentary proofs. Plaintiff is free to subpoena such records if she proceeds in the manner set forth above regarding a subpoena. If Plaintiff is able to show that Osmon Maldonado has information that is material to her claim for damages and that she cannot obtain the information from any other source, she may proceed with a deposition so long as such deposition does not exceed the presumptive limit of ten at this time.

Plaintiff also identifies Richard Covino, Sr., Joanna Douyon, and Frank and Sons Auto Wrecking, that may possess information relevant to her claims generally. Plaintiff asserts that Richard Covino, Sr. "may recall detention of subject vehicle [and] may know facts about storage yard." Plaintiff claims that Joanna Douyon "may have information helpful in demonstrating the false pretense for detention, may have firsthand knowledge of detention of subject vehicle,

6

information that may resolve facts in controversy, and information to support the physical condition of plaintiff at the time which is relevant to plaintiff['s] damages." As an initial matter, Plaintiff does not identify who these individuals are and why they are purportedly in a position to testify regarding these matters. Further, an examination of Joanna Douyon would appear to encompass any testimony that would be obtained from Richard Covino, Sr. It is up to the Plaintiff whether she wishes to depose Joanna Douyon, so long as that examination does not exceed the presumptive limit of ten at this time.

As to Frank and Sons Auto Wrecking, Plaintiff claims that the entity conducts business with T&D Towing and possess information regarding the events forming the basis of this action (*i.e.,* the sale and disposal of Plaintiff's vehicle) and as to whether T&D Towing generally provides notice to the owner of a vehicle prior to selling the vehicle to Frank and Sons Auto Wrecking. Plaintiff may proceed with a deposition of Frank and Sons Auto Wrecking, even if it exceeds the presumptive limit of ten depositions, since such information does not appear cumulative or duplicative of any other testimony sought.

For the foregoing reasons, Plaintiff's motion seeking leave to conduct depositions in excess of the presumptive limit of ten provided for under Rule 30(a)(2)(A) is GRANTED in part and DENIED in part. Plaintiff is permitted to depose a total of eleven individuals/entities at this time. This ruling is without prejudice to Plaintiff renewing her motion upon the completion of the approved eleven depositions so long as the motion conforms to the Court's previously issued directives.

**SO ORDERED.**

Dated: Central Islip, New York
November 27, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge

7